UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIGGINS,<br><br>           Petitioner,<br><br>      v.<br><br>F. FOULK,<br><br>           Respondent. | No.  2:15-cv-1718 AC P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the showing required by § 1915(a).  ECF Nos. 8, 9.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).  Petitioner has also consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

In the petition, petitioner challenges his conviction on five grounds.  ECF No. 5 at 5-13.  In Ground One he alleges that his due process rights were violated when the trial court improperly excluded statements made by his co-defendants.  Id. at 5.  In Ground Two he contends that the trial court erred when it gave a deficient jury instruction.  Id. at 7.  Ground Three alleges that the trial court erred when it denied access to juror information to support a motion for new

1

trial based on juror misconduct. Id. at 8. Ground Four alleges that the petitioner's rights were violated by the cumulative prejudice of the alleged errors. Id. at 10. Finally, in Ground Five, petitioner alleges ineffective assistance of appellate counsel based on failure to conduct a reasonable investigation. Id. at 12-13. However, petitioner indicates that he has not presented Ground Five to the California Supreme Court, meaning he has not exhausted his state court remedies for that claim. Id. at 13.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). In light of petitioner's failure to exhaust his state court remedies on Ground Five, his options are to (1) to seek a stay of all claims pending exhaustion of Ground Five; (2) to voluntarily dismiss Ground Five and seek a stay of Grounds One through Four only pending exhaustion of Ground Five; or (3) to dismiss Ground Five and proceed on Grounds One through Four without a stay.

If petitioner wishes the petition to be maintained as a mixed petition of both exhausted and unexhausted claims, he may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). In Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that (1) good cause is shown for a failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) there has been no indication that petitioner has intentionally delayed pursuing the litigation. Id., at 277-78.

Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1  2009) (citing three-step procedure of Kelly).  Pursuant to the Kelly procedure, the court may stay
2  a petition containing only exhausted claims while allowing the petitioner to proceed to state court
3  to exhaust additional claims.  Id. (citing Kelly, 315 F.3d at 1070-71).  The procedure under a
4  Kelly stay is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims;
5  (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the
6  petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the
7  petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims.  Id.
8  The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the
9  claims are potentially meritorious.  However, using the Kelly procedure means that any newly-
10 exhausted claims later added to the federal petition by amendment must relate back to the claims
11 in the stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does
12 nothing to protect a petitioner's unexhausted claims from untimeliness in the interim."  Id. at
13 1141.
14      In the event petitioner chooses to proceed on an exhausted-claims-only petition without a
15 stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims
16 might face challenges based on timeliness, the limitations applicable to second or successive
17 petitions, and/or other procedural hurdles, depending on the circumstances.
18      Petitioner must file a notice within twenty-eight days stating how he wishes to proceed.  If
19 petitioner wants to stay this case while exhausting Ground Five in state court, he must specify
20 whether he seeks a stay under Rhines or under Kelly.  If he wishes to proceed in this court on a
21 mixed petition, he must file a motion for a stay addressing the Rhines factors, showing good
22 cause for his failure to have first exhausted Ground Five in state court, that each of these claims
23 potentially have merit, and that there is no evidence he has intentionally delayed pursuing the
24 litigation.  In the alternative, petitioner may request a Kelly stay.  As previously noted, a Kelly
25 stay does not guarantee the timeliness of claims exhausted in the future and then re-presented to
26 this court.
27 ////
28 ////

Summary

The court can only grant a petition where the claims have been exhausted in state court. Because Ground Five has not been exhausted, petitioner must decide whether to (1) ask for a stay of all his claims while he goes back to state court to exhaust Ground Five; (2) dismiss Ground Five and ask for a stay of Grounds One through Four only while he goes back to state court to exhaust Ground Five; or (3) dismiss Ground Five and proceed on Grounds One through Four without a stay.

If petitioner chooses option one, he will have to explain why he did not exhaust Ground Five in state court, why his case has merit, and why he has not unnecessarily delayed in bringing his claim to state court. If he chooses option two, plaintiff will not have to show good cause or possible merit for the stay, but his claim will not be protected from being untimely. If he chooses option three, if he attempts to amend his petition later or bring a separate petition, the claims may be too late, not allowed because they are a second or successive petition, or there may be other difficulties depending on the circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF Nos. 8, 9) is granted.

2. Within twenty-eight days of the filing of this order, petitioner shall file a notice addressing how he wishes to proceed as to his unexhausted claim.

3. If petitioner seeks a stay, within twenty-eight days of the filing of this order, he shall file a motion for a stay in accordance with this order.

DATED: January 19, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE