1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES RIGGINS,                              No. 2:15-cv-1718 AC P

12                      Petitioner,

13           v.                                   ORDER

14    F. FOULK,

15                      Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the

19   undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule

20   305(a).  ECF No. 4.

21          By order filed January 20, 2016, the court found that petitioner had indicated that he had

22   not exhausted his state court remedies for Ground Five of the petition.  ECF No. 10.  Because

23   exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas

24   corpus, 28 U.S.C. § 2254(b)(1), petitioner was ordered to notify the court of how he wanted to

25   proceed on his mixed petition.  Id.  Petitioner was given twenty-eight days to notify the court

26   whether he wanted to (1) seek a stay of all claims pending exhaustion of Ground Five; (2)

27   voluntarily dismiss Ground Five and seek a stay of Grounds One through Four only pending

28   exhaustion of Ground Five; or (3) dismiss Ground Five and proceed on Grounds One through

1  Four without a stay. Id.  The twenty-eight day period has passed and petitioner has not provided

2  the required notification or otherwise responded to the order.  Petitioner shall be given one more

3  opportunity to notify the court of how he would like to proceed on his petition.  If petitioner fails

4  to respond, the court will proceed to order service of the petition without a stay.  If the case

5  proceeds on the petition as is, petitioner is advised that Ground Five will be subject to dismissal

6  as unexhausted absent the state's express waiver of exhaustion.

7  Petitioner is reminded that if he wants the petition to be maintained as a mixed petition of

8  both exhausted and unexhausted claims, he may seek a stay pursuant to Rhines v. Weber, 544

9  U.S. 269 (2005).  In Rhines, the United States Supreme Court found that a stay and abeyance of a

10  mixed federal petition should be available only in the limited circumstance that (1) good cause is

11  shown for a failure to have first exhausted the claims in state court, (2) the claim or claims at

12  issue potentially have merit, and (3) there has been no indication that petitioner has intentionally

13  delayed pursuing the litigation.  Id., at 277-78.

14  Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to

15  Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir.

16  2009) (citing three-step procedure of Kelly).  Pursuant to the Kelly procedure, the court may stay

17  a petition containing only exhausted claims while allowing the petitioner to proceed to state court

18  to exhaust additional claims.  Id. (citing Kelly, 315 F.3d at 1070-71).  The procedure under a

19  Kelly stay is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims;

20  (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the

21  petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the

22  petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims.  Id.

23  The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the

24  claims are potentially meritorious.  However, using the Kelly procedure means that any newly-

25  exhausted claims later added to the federal petition by amendment must relate back to the claims

26  in the stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does

27  nothing to protect a petitioner's unexhausted claims from untimeliness in the interim."  Id. at

28  1141.

In the event petitioner chooses to voluntarily dismiss Ground Five and proceed on an exhausted-claims-only petition without a stay, he is cautioned that any future attempt to amend the petition to add newly-exhausted claims might face challenges based on timeliness, the limitations applicable to second or successive petitions, and/or other procedural hurdles, depending on the circumstances.

Petitioner must file a notice within twenty-eight days stating how he wishes to proceed. If petitioner wants to stay this case while exhausting Ground Five in state court, he must specify whether he seeks a stay under Rhines or under Kelly. If he wishes to proceed in this court on a mixed petition, he must file a motion for a stay addressing the Rhines factors, showing good cause for his failure to have first exhausted Ground Five in state court, that the claims potentially have merit, and that there is no evidence he has intentionally delayed pursuing the litigation. In the alternative, petitioner may request a Kelly stay. As previously noted, a Kelly stay does not guarantee the timeliness of claims exhausted in the future and then re-presented to this court. If petitioner fails to respond to this order, the court will proceed to order service of the petition without a stay. However, due to petitioner's representation that Ground Five is unexhausted, it is likely that Ground Five will ultimately be dismissed.

Summary

The court can only grant a claim that has been exhausted in state court. Because Ground Five has not been exhausted, petitioner must decide whether to (1) ask for a stay of all his claims while he goes back to state court to exhaust Ground Five; (2) dismiss Ground Five and ask for a stay of Grounds One through Four only while he goes back to state court to exhaust Ground Five; or (3) dismiss Ground Five and proceed on Grounds One through Four without a stay.

If petitioner chooses option one, he will have to explain why he did not exhaust Ground Five in state court, why his case has merit, and why he has not unnecessarily delayed in bringing his claim to state court. If he chooses option two, petitioner will not have to show good cause or possible merit for the stay, but his claim will not be protected from being untimely. If he chooses option three, if he attempts to amend his petition later or bring a separate petition, the claims may be too late, not allowed because they are a second or successive petition, or there may be other

3

difficulties depending on the circumstances.  If petitioner does not respond to this order, the court will serve the petition as is, but Ground Five will be subject to dismissal as unexhausted unless the state expressly waives the exhaustion requirement.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within twenty-eight days of the filing of this order, petitioner shall file a notice addressing how he wishes to proceed as to his unexhausted claim.

2.  If petitioner seeks a stay, within twenty-eight days of the filing of this order, he shall file a motion for a stay in accordance with this order.

3.  If petitioner does not notify the court of how he would like to proceed, the court will proceed to order service of the petition.

DATED: April 8, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4