UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIGGINS, | No. 2:15-cv-1718 AC P |
| Petitioner, | |
| v. | ORDER |
| F. FOULK, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se on an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeks a stay to permit exhaustion of an unexhausted claim. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4. Petitioner is serving two life sentences and a sentence of 145 years to life following his 2011 conviction in the Sacramento County Superior Court. ECF No. 5 at 1. Petitioner challenges his convictions and sentences on five grounds, four of which he states have been exhausted in state court. Id. at 5-13.

By order filed January 20, 2016, petitioner was ordered to advise the court on how he wished to proceed in light of his representation that Ground Five had not been presented to the California Supreme Court and was therefore not exhausted. ECF No. 10. Petitioner was advised of the procedures for and consequences of requesting a stay under Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Id. at 2-4; ECF No. 11 at 2-4. He was

also advised of the possible consequences of proceeding without a stay.  ECF No. 10 at 3-4; ECF No. 11 at 3-4.

Petitioner has now filed a motion for stay and abeyance in which he specifically requests that Ground Five be dismissed and that he be granted a Kelly stay so that he can exhaust Ground Five in state court.  ECF No. 12.  A stay pursuant to Kelly stays only a fully exhausted petition, does not require a showing of good cause, and does not guarantee the timeliness of claims that are exhausted in the future and then presented to this court.  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  In granting petitioner's request to dismiss Ground Five and stay the remaining exhausted claims, the court takes no position as to whether petitioner's currently unexhausted claim will be timely once exhausted and brought in this court.

Summary

Petitioner's request to dismiss Ground Five is granted, and Ground Five is dismissed.  The request to stay Grounds One through Four is also granted, and this case will be stayed while petitioner exhausts Ground Five in state court.

The case will be administratively closed while the case is stayed.  This does **not** mean that the case will be dismissed.  It means that the case will not be active.  The case will be re-opened once petitioner notifies the court that he has exhausted Ground Five in state court.  Petitioner should continue to use this case name and number when filing things with this court related to this case, including when he notifies the court that Ground Five has been exhausted.

Once petitioner gets the order from the California Supreme Court exhausting Ground Five, he needs to notify this court within thirty days and file an amended petition.  The amended petition should include all of petitioner's exhausted grounds for relief, both previously-exhausted claims and newly-exhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to dismiss Ground Five (ECF No. 12) is granted and Ground Five is dismissed.

2. Petitioner's motion for stay and abeyance (ECF No. 12) is granted.

3. Upon receiving the ruling of the California Supreme Court exhausting petitioner's as-

2

1 | yet unexhausted grounds, petitioner shall, within thirty days thereafter:

   a. Inform this court of any such ruling and request the stay be lifted; and

   b. File an amended federal petition containing all of his exhausted claims.

4. The Clerk of the Court is directed to administratively close this case.

DATED: May 11, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE