UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIGGINS, | No. 2:15-cv-1718 AC P |
| Petitioner, | |
| v. | ORDER |
| F. FOULK, | |
| Respondent. | |

By order filed May 12, 2016, unexhausted Ground 5 of the petition was stricken and the case was stayed as to the remaining grounds for the express purpose of allowing petitioner to return to state court to exhaust his unexhausted claim. ECF No. 13. The order further provided that within thirty days of receiving a decision by the state's highest court exhausting his claim, he was to file a notice with this court requesting to lift the stay and an amended petition. Id. at 2-3. However, a review of the online dockets for both the Third District Court of Appeal and the California Supreme Court reveals that petitioner has not filed any petitions in those courts since his direct appeal, which was completed in 2014. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and internal quotation marks omitted)).

1

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)) (dismissal for failure to prosecute); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for failure to respond to a motion as required by local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order). It has been over three years since this case was stayed to allow petitioner to exhaust his additional claim, but it does not appear that he has taken any steps to pursue his state court remedies or otherwise prosecute this action. Accordingly, he will be required to show cause why the stay in this case should not be lifted and the case dismissed for failure to prosecute.

The court also notes that the California Department of Corrections and Rehabilitations Inmate Locator shows that petitioner has been moved to a different prison than the one reflected in his address of record. The Clerk of the Court will be directed to update petitioner's address, and petitioner is reminded of his responsibility in keeping the court up to date with his location.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the filing of this order, petitioner must show cause why the stay should not be lifted and this case dismissed for failure to prosecute. Failure to respond to this order will result in an order lifting the stay and a recommendation that the action be dismissed for failure to prosecute.

////

////

////

2

2. The Clerk of the Court is directed to update petitioner's address of record to California Correctional Institution, P.O. Box 1031, Tehachapi, CA 93581.

DATED: July 17, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE