UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIGGINS,<br><br>    Petitioner,<br><br>    v.<br><br>F. FOULK,<br><br>    Respondent. | No. 2:15-cv-1718 AC P<br><br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2245. For the reasons set forth below, the undersigned recommends that the court dismiss the action without prejudice for failure to prosecute.

I.    Background

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 5. Petitioner challenged his conviction and sentence on five grounds, four of which had been exhausted in state court. ECF No. 5 at 5-13. In light of petitioner's representation that Ground Five had not been presented to the California Supreme Court, and was therefore not exhausted, petitioner was ordered on January 20, 2016 to inform the court how he wished to proceed. ECF No. 10. Petitioner was advised of the procedures for and consequences of requesting a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Id. at 2-4; ECF No. 11 at 2-4.

1    On May 9, 2016, petitioner filed a motion to stay in which he requested Ground Five be dismissed and that he be granted a Kelly stay so that he could exhaust Ground Five in state court. ECF No. 12.  On May 12, 2016, this court struck Ground 5 of the petition, and the case was stayed as to the remaining grounds for the express purpose of allowing petitioner to return to state court to exhaust his unexhausted claim.  ECF No. 13.  The order further provided that within thirty days of receiving a decision by the state's highest court exhausting his claim, petitioner was to file a notice with this court requesting to lift the stay and an amended petition.  Id. at 2-3.

A review of the online dockets for both the Third District Court of Appeal and the California Supreme Court, reveals that petitioner has not filed any petitions in those courts since his direct appeal, which was completed in 2014.  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and internal quotation marks omitted)).

On July 18, 2019, petitioner was ordered to show cause as to why the stay should not be lifted and this case be dismissed for failure to prosecute.  ECF No. 14.  It has been over a year since that order, and petitioner has not responded.

II.    Discussion

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to sua sponte dismiss actions for failure to prosecute.  Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962).  In determining whether dismissal for failure to prosecute is appropriate, courts examine several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.1992).

Here, it is evident that the first two factors—public interest in expeditious resolution of litigation and the need to manage the court's docket—weigh in favor of dismissal.  The court, in

its May 12, 2016 order, directed petitioner to inform the court of the exhaustion of his unexhausted claims. ECF No. 13 at 2-3. On July 18, 2019, the court expressly requested petitioner update this court on the status of his case and stated that "[f]ailure to respond to this order will result in an order lifting the stay and a recommendation that the action be dismissed for failure to prosecute." ECF No. 14 at 2. Petitioner's failure to comply with these orders places the case at a standstill and delays the court from moving the case toward resolution. Moreover, petitioner's nonaction indicates that petitioner does not intend to litigate this action diligently.

As to the third factor—prejudice to respondent—petitioner's inaction weighs in favor of dismissal. Prejudice to a defendant alone due to the pendency of a lawsuit is insufficient to justify dismissal. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984). However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994); Moore v. Teflon Commc'ns. Corp., 589 F.2d 959, 967-68 (9th Cir. 1978). This presumption can be rebutted if petitioner proffers a non-frivolous justification for the delay. See Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002); Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). Petitioner has offered no explanation for his failure to comply with the court's orders. Because petitioner has not attempted to justify his neglect of this case, or otherwise communicate with the court since May 2016, the "prejudice" element favors dismissal.

The fourth factor—the availability of less drastic sanctions—typically weighs against dismissal. However, the court tried to avoid outright dismissal by providing petitioner with an opportunity to explain why he had not proceeded with exhaustion or otherwise prosecuted his case. See ECF No. 14. Thus, the court explored meaningful alternatives to dismissal and these alternatives have not been effective in furthering this case. See Henderson v. Duncan, 779 F.2d 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The court therefore concludes that sanctions other than dismissal are not appropriate.

The fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the court's docket. However, notwithstanding this policy, it is

the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has declined to participate in his own litigation since May 9, 2016. In these circumstances, it does not appear that the court's retention of this action would increase the likelihood that the matter would be resolved on its merits.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The stay of this case be lifted; and

2. The Clerk of the Court is directed to randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that petitioner's petition for writ of habeas corpus (ECF No. 5) be dismissed without prejudice for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE